IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No.  6:06-633-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Quevin Gonzalez, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Quevin Gonzalez's ("Gonzalez") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (2006).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2006, Gonzalez pled guilty to possession with intent to distribute 500 grams or more of cocaine.  Gonzalez was sentenced to forty-six (46) months' imprisonment on December 6, 2006 ("2006 conviction").  Gonzalez did not appeal his conviction and sentence. On February 21, 2008,[1] Gonzalez filed the instant § 2255 motion, in which he alleges "[i]naccurate information in the PSI report, [i]llegal sentence, [i]neffective assistance of counsel, [c]ounsel's failure to investigate or call witnesses, and [e]rror in the guideline report." (Gonzalez's § 2255 Mot. 1.)

## II.  DISCUSSION OF LAW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal prisoners seeking habeas relief have one year from the date their conviction becomes final to file a § 2255 motion.  Section 2255 provides as follows:

---

[1]  See Houston v. Lack, 487 U.S. 266 (1988).

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (2006).  Gonzalez did not file a direct appeal of his 2006 conviction. Therefore, his conviction became final on December 20, 2006, the date his time for filing a direct appeal expired.  See Fed. R. App. Proc. 4(b)(1)(A) & 26(a)(1)-(2); cf. Clay v. United States, 537 U.S. 522, 532 (2003) (holding that a defendant's judgment of conviction becomes final when the time for seeking review of the conviction expires).  Gonzalez had until December 20, 2007, to file the instant § 2255 motion under the AEDPA.  The instant § 2255 motion was filed on February 21, 2008.[2]  Therefore, Gonzalez's claim appears to be barred by the statute of limitations under § 2255(1).

However, generally the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed.  See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255).  The court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles

---

[2]  See Houston v. Lack, 487 U.S. 266 (1988).

. . . ." Hill, 277 F.3d at 707.  At this point, though unlikely, equitable tolling may apply to

Gonzalez's motion.

    Therefore, it is

    **ORDERED** that Gonzalez has ten (10) days from the date of this order to explain how

equitable tolling salvages his § 2255 motion.

    **IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
February 27, 2008

### NOTICE OF RIGHT TO APPEAL

    The movant is hereby notified that he has the right to appeal this order within sixty (60)

days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.