IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:06-633 |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Quevin Gonzalez, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Quevin Gonzalez's ("Gonzalez") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (2006). After a thorough review, the court dismisses the instant § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2006, Gonzalez pled guilty to possession with intent to distribute 500 grams or more of cocaine. Gonzalez was sentenced to forty-six (46) months' imprisonment on December 6, 2006 ("2006 conviction"). Gonzalez did not appeal his conviction and sentence. On February 21, 2008,[1] Gonzalez filed the instant § 2255 motion, in which he alleges "[i]naccurate information in the PSI report, [i]llegal sentence, [i]neffective assistance of counsel, [c]ounsel's failure to investigate or call witnesses, and [e]rror in the guideline report." (Gonzalez's § 2255 Mot. 1.)

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

## II. DISCUSSION OF LAW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal prisoners seeking habeas relief have one year from the date their conviction becomes final to file a § 2255 motion. Section 2255 provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (2006). Gonzalez did not file a direct appeal of his 2006 conviction. Therefore, his conviction became final on December 20, 2006, the date his time for filing a direct appeal expired. See Fed. R. App. Proc. 4(b)(1)(A) & 26(a)(1)-(2); cf. Clay v. United States, 537 U.S. 522, 532 (2003) (holding that a defendant's judgment of conviction becomes final when the time for seeking review of the conviction expires). Gonzalez had until December 20, 2007, to file the instant § 2255 motion under the AEDPA. The instant § 2255 motion was filed on February 21, 2008.[2] Further, Gonzalez failed to respond to the court's February 27, 2008, order[3] giving Gonzalez ten days to explain to the court why the doctrine of equitable tolling applied to allow him to proceed, and the court is not aware of any reason that the limitations period should be tolled in this case. Therefore, Gonzalez's claim is barred by the statute of limitations under

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

[3] See Hill v. Braxton, 277 F.3d 701, 706-07 (4th Cir. 2002) (holding that the district court must give a habeas petitioner the opportunity to respond before dismissing the case sua sponte as untimely).

2

§ 2255(1).

In addition, Gonzalez has filed a motion requesting certain records in his criminal case including a "[t]ranscript, [d]ocket sheet, [d]ocketing statement form, and [d]esignation of record on appeal." (Gonzalez's Mot. Req. Records 1.) A prisoner who requests free copies of records in his or her criminal case, whether it is a state case or a federal case, must show a particularized need for such records. Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152-153 (4th Cir. 1972), reh'g granted, 465 F.2d 1091, 1094 (4th Cir. 1972) (adhering to prior opinion and denying rehearing en banc); Morin v. United States, 522 F.2d 8, 9 (4th Cir. 1975) (applying Jones to federal prisoner). Gonzalez does not indicate why the records are necessary, but his motion appears to relate to his § 2255 motion. However, as discussed above, Gonzalez's § 2255 motion is time-barred. Therefore, to the extent his motion relates to his § 2255 motion, Gonzalez's motion requesting "legal document[s]" is moot. (Gonzalez's Mot. Req. Records 1.) To the extent his motion is independent of his § 2255 motion, Gonzalez has failed to demonstrate a particularized need for such records.

Therefore, it is

**ORDERED** that Gonzalez's § 2255 motion, docket number 108, is dismissed. It is further

**ORDERED** that Gonzalez's motion requesting legal documents, docket number 109, and motion to appoint counsel, docket number 110, are dismissed as moot.

**IT IS SO ORDERED.**

            s/Henry M. Herlong, Jr.
            United States District Judge

Greenville, South Carolina
March 17, 2008

3

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.